United States District Court
Southern District of Texas
**ENTERED**
June 02, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SARAI BARCENAS, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-23-148 |
| | § | |
| ANTHONY J. BLINKEN and RINA BITTER, | § § § § | |
| Defendants. | § § § | |

**MEMORANDUM AND ORDER**

Sarai Barcenas seeks review of an October 2022 decision by the Department of State denying her passport application on the basis of non-citizenship. Ms. Barcenas filed three prior passport applications. All were denied based on non-citizenship. The first was denied on July 12, 2012. The second was denied on December 29, 2013. The third was denied on May 8, 2019. The defendants seek to dismiss based on a lack of jurisdiction. (Docket Entry No. 7). The motion is granted.

The Administrative Procedure Act ("APA") confers to individuals aggrieved by agency decisions the opportunity to seek relief in federal court. 5 U.S.C. § 702. That opportunity under the APA exists only when the aggrieved individual has "no other adequate remedy in a court" for relief. *Id.* § 704. Fifth Circuit caselaw squarely holds that individuals living in the United States that seek to challenge a passport denial must do so under 8 U.S.C. § 1503(a), not the APA. *Flores v. Pompeo*, 936 F.3d 273, 277 (5th Cir. 2019).

Section 1503(a) provides to "any person who is within the United States [and] claims a right or privilege as a national of the United States," the opportunity to seek "a judgment declaring

him to be a national" if "any department or independent agency" denies him or her a right or privilege that a U.S. national would otherwise have. 8 U.S.C. § 1503(a). "An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege . . . ." *Id.*

The Fifth Circuit has held that § 1503(a) is an adequate alternative remedy and forecloses review under the APA even if the five-year limitations period has already run. *Martinez v. Pompeo*, 977 F.3d 457, 460 (5th Cir. 2020) ("The fact that Plaintiffs allowed the limitations period to run does not make § 1503 inadequate."); *see also id.* ("[A] legal remedy is not inadequate for purposes of the APA because it is procedurally inconvenient for a given plaintiff, or because plaintiffs have inadvertently deprived themselves of the opportunity to pursue that remedy." (quoting reference omitted)).

So, the only way Ms. Barcenas can challenge the denial of her passport application is under § 1503(a), and a § 1503(a) challenge must be brought within five years of the denial. The Government argues that the five years have lapsed because the first passport application denial occurred in 2012, more than a decade ago. (Docket Entry No. 7 at 8–9). Ms. Barcenas argues that her challenge is timely because her passport application was denied in 2022, so only one year has lapsed. (Docket Entry No. 9 at 2).

The Fifth Circuit has squarely rejected Ms. Barcenas's argument, holding that the § 1503(a) five-year limitations clock begins to run from the date of the denial of the first application. *Gonzalez v. Limon*, 926 F.3d 186, 188, 190 (5th Cir. 2019). "While the text [of § 1503(a)] is silent regarding duplicative denials, in defining a limitations period, Congress expressed its interest in finality. Implicitly authorizing a series of duplicative claims would frustrate that interest. Section

1503(a)'s reference to 'the final administrative denial' means the first final administrative denial." *Id.* at 190.

Ms. Barcenas admits that the Fifth Circuit has held that "an action under § 1503(a) must be brought within five years of the first denial of a passport." (Docket Entry No. 9 at 1). Nevertheless, Ms. Barcenas argues that that decision should be set aside because the Fifth Circuit should have reached a different conclusion based on a 1958 U.S. Supreme Court case. (Docket Entry No. 9 at 2).

This court is bound by circuit precedent. Fifth Circuit precedent squarely forecloses jurisdiction in this case. This case is dismissed with prejudice. Final judgment will be entered separately.

SIGNED on June 2, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3